NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK REED, | |
| Plaintiff, | |
| v. | Civil Action No.: 12-2934 (JAP)(DEA) |
| CITIGROUP, INC., METLIFE GROUP, INC. and METROPOLITAN LIFE INSURANCE COMPANY, | MEMORANDUM OPINION |
| Defendant. | |

**ARPERT, Magistrate Judge**

This matter comes before the Court on Plaintiff Frank Reed's ("Plaintiff") Motion to Compel Discovery from Defendants Citigroup, Inc. ("Citigroup") and Metropolitan Life Insurance Company ("MetLife") (collectively, "Defendants") [dkt. no. 19]. Plaintiff seeks: (1) responsive answers to his Interrogatory Nos. 4-7; (2) production of the documents described in Defendants' answer to Interrogatory No. 1 and in Plaintiff's Request for Production No. 2; and (3) leave to depose Howard Taylor, M.D. Defendants have opposed Plaintiff's Motion [dkt. no. 26]. The Court has considered the Parties' submissions pursuant to FED R. CIV. P. 78 and, for the reasons that follow, Plaintiff's Motion is **DENIED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Citigroup employed Plaintiff as a financial planner for one month, beginning March 10, 2008. Def.'s Br. at 5. Plaintiff claims to have fallen during a company-sponsored event at Champ's Restaurant on April 9, 2008. Id. Plaintiff did not return to work. Id. Plaintiff received salary continuation benefits and long-term disability ("LTD") benefits pursuant to the

1

Citigroup Long-Term Disability Plan ("the Plan") through November 3, 2009. Id.

On November 3, 2009, the Plan terminated Plaintiff's LTD benefits, citing a lack of evidence supporting Plaintiff's claims of continued disability. Id. at 8. The termination of Plaintiff's benefits was upheld twice on administrative appeal. Id. at 8-10. Plaintiff subsequently commenced this suit.

Through this Motion, Plaintiff seeks additional discovery beyond the administrative record of his claim. Id. at 11. Defendants oppose the Motion, claiming the requested discovery is beyond the permissible scope of discovery in a case involving an ERISA governed benefits plan. Id.

## II. LEGAL STANDARD

Under 29 U.S.C. § 1132(a)(1)(B), the Employee Retirement Income Security Act ("ERISA"), a participant in an employee benefit plan is empowered to bring suit to recover benefits due him. The Supreme Court has held that when evaluating an ERISA claim, there is to be a de novo standard of review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case the standard of review is arbitrary and capricious. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 112-15 (1989).

The Third Circuit has held that when evaluating ERISA claims under the arbitrary and capricious standard, a court is limited to "that evidence that was before the administrator when he made the decision being reviewed." Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997). However, the Third Circuit has also found "that when a reviewing court is deciding whether to employ the arbitrary and capricious standard or a more heightened standard of review, it may consider evidence of potential biases and conflicts of interest that are not found

in the administrator's record." Johnson v. UMWA Health & Ret. Funds, 125 F. App'x 400, 405-06 (3d Cir. 2005). The existence of a conflict of interest (e.g., when the entity responsible for determining benefits eligibility also pays the benefits) or evidence of potential biases or procedural abnormalities are factors to be considered, among others, in determining the appropriate standard of review. Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 117 (2008).

## III. DISCUSSION

In this case, Plaintiff seeks all retainer agreements, contracts, or employment agreements between Metlife and any health care provider who reviewed his claim; all facts and documents which Defendants claim support the termination of his benefits; all facts and documents which Defendants claim evidence any improvement in his medical condition after he was initially granted benefits; and leave to depose Dr. Taylor. Plaintiff correctly points out that a Court should allow expanded discovery in an ERISA review when there is a structural conflict of interest or procedural irregularity. Pl.'s Br. at 2-3 (citing Miller v. American Airlines, et al, 632 F.3d 837 (3d Cir. 2011)). Defendants, however, maintain that the discovery sought by Plaintiff does not concern any structural conflict of interest or procedural irregularity. Def.'s Br. at 17-18.

The Court agrees with Defendants and finds Plaintiff's arguments unavailing. The record shows that the Plan administrator was given discretionary authority to determine Plaintiff's eligibility for Plan benefits. See Def.'s Br. at 6-7. In such cases, the Court is to apply the arbitrary and capricious standard of review. Firestone, 489 U.S. at 112-15. When applying the arbitrary and capricious standard of review, the Court is limited to reviewing the record that was before the Plan administrator at the time the denial of benefits occurred. Mitchell, 113 F.3d at 440.

Although discovery beyond the administrative record is permissible in some instances where there is structural conflict of interest or procedural irregularities, See Johnson, 125 F. App'x at 405-06, Plaintiff does not present any evidence to suggest such circumstances exist.[1] Interrogatory Nos. 4-7 seek all facts and documents which Defendants claim support the termination of Plaintiff's benefits and evidence improvement in Plaintiff's condition. Def.'s Br. at 4-5. These Interrogatories have no apparent connection or relevance to whether a structural conflict of interest or procedural irregularity exists. Without such a connection, there is no legal basis for the Court to order Defendants to respond.[2]

Further, Defendants have agreed to produce the documents requested in Plaintiff's Request for Production No. 2 and Interrogatory No. 1, subject to a Stipulated Protective Order. Def.'s Br. at 2-3. These documents include retainer agreements, contracts, and employment agreements between MetLife and any health care provider who reviewed Plaintiff's claim. Id. This aspect of Plaintiff's Motion is, therefore, moot.

Finally, Plaintiff also seeks leave to depose Dr. Taylor, "an independent physician consultant who performed medical reviews during the appeal of [Plaintiff's] claim." Def.'s Br. at 5. Plaintiff claims that Dr. Taylor "may be able to provide relevant information." Id. at 18. However, Plaintiff fails to articulate any connection between Dr. Taylor and the "relevant information" he may possess.

---

[1] The Court has reviewed Plaintiff's untimely Amended and Supplemental Memorandum in which Plaintiff cites additional authority for expanded discovery in an ERISA review when there is a structural conflict of interest or procedural abnormality. See generally Pl.'s Stricken Amended and Supplemental Memorandum [dkt no. 21]. Plaintiff's untimely Memorandum further claims to present additional proof that there is a structural conflict of interest because of MetLife's use of Network Medical Review, an independent claims reviewer which has been scrutinized by other courts. See generally id. The Court finds the arguments presented in Plaintiff's Stricken Memorandum unpersuasive.

[2] In any case, Defendants did in fact respond to Plaintiff's Interrogatories, and the Court finds Defendants' responses to be sufficient.

## IV. CONCLUSION & ORDER

The Court has considered the papers submitted pursuant to FED. R. CIV. P. 78 and, for the reasons set forth above;

**IT IS** this 15th day of July, 2013,

**ORDERED** that Plaintiff's Motion to Compel Discovery [dkt. no. 19] is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Leave to file a Reply Brief [dkt. no. 27] shall be terminated as **MOOT**.

<u>**s/ Douglas E. Arpert**</u>
**DOUGLAS E. ARPERT, U.S.M.J.**