NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANK REED, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 12-2934 (JAP) (DEA) |
| CITIGROUP, INC., METLIFE GROUP INC., AND METROPOLITAN LIFE INSURANCE COMPANY, | : **OPINION** |
| Defendants. | : |

Plaintiff Frank Reed ("Plaintiff") appeals Magistrate Judge Arpert's Order, dated September 27, 2013 (the "September 27 Order"), denying Plaintiff's informal application to conduct extra-record discovery [ECF No. 36]. This action stems from a denial to continue Plaintiff's long term disability ("LTD") benefits, allegedly in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff contends that the Magistrate Judge's rulings are clearly erroneous. For the reasons stated below, the Court affirms the September 27 Order.

I.      **Factual Background and Procedural History**

Defendant Citigroup, Inc. ("Citigroup") employed Plaintiff as a financial planner for one month, beginning on March 10, 2008. Plaintiff claims to have fallen during a company-sponsored event at Champ's Restaurant on April 9, 2008. Plaintiff did not return to work, and thereafter received salary continuation benefits and LTD benefits pursuant to the Citigroup Long-Term Disability Plan (the "Plan") through November 3, 2009. This Plan was established

by Citigroup and funded by a group policy of LTD insurance issued by MetLife.  The Plan gives MetLife, as the claims fiduciary, discretionary authority to render claim determinations and to interpret the terms of the Plan.

On November 3, 2009, the Plan terminated Plaintiff's LTD benefits, citing a lack of evidence supporting Plaintiff's claim for continued disability.  The termination of Plaintiff's benefits was upheld twice on administrative appeal.  Plaintiff subsequently commenced this action.

On October 23, 2012, at the initial scheduling conference, the parties were directed to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(1) by November 6, 2013, including production of the relevant plan documents, administrative record, social security award, and other "offset" information.  *See* Initial Scheduling Order, filed October 25, 2012 [ECF No. 17].  After these materials were produced and reviewed, it was agreed that the Court would convene a status conference to determine "whether additional discovery is necessary or appropriate." *Id.*

This status conference was held on December 11, 2012.  During this conference, Plaintiff was directed to serve this discovery requests by December 21, 2013, and Defendants were directed to respond by January 31, 2013.  *See* Scheduling Order II, filed December 12, 2012 [ECF No. 18].  Defendants objected to the scope of Plaintiff's discovery requests; therefore, at the status hearing held by the Magistrate Judge on February 6, 2013, counsel were directed to meet and confer in a good faith attempt to resolve their dispute over the permissible scope of discovery.  During the conference, Plaintiff was directed to file a motion to compel discovery by February 22, 2013 if the dispute was not resolved.  No motion was filed by this required date.  Consequently, at the end of March 2013, the Court scheduled another status conference for April

2

15, 2013.  Three days prior to that conference, on April 12, 2013, Plaintiff filed a motion to compel discovery.  In its motion, Plaintiff sought to compel discovery that was beyond the administrative record, arguing that it was appropriate to allow expanded discovery in an ERISA review where there is a structural conflict of interest or procedural irregularity.  The Magistrate Judge denied the motion, finding that "Plaintiff does not present any evidence to suggest such circumstances [of structural conflict of interest or procedural irregularities] exist."  *See* Memorandum Opinion, filed July 16, 2013 [ECF No. 29].

Thereafter, in an Order dated August 29, 2013, the Magistrate Judge granted Defendants' application to quash Plaintiff's unauthorized and improperly issued subpoenas to National Medical Review Co., Ltd. ("NMR") and Dr. Taylor [ECF No. 30].  The Court noted that this was a "transparent effort to expand the permissible scope of discovery in this case and ignore the significance of this Court's previous rulings on the subject" on behalf of Plaintiff.  *See* Order, filed August 29, 2013 [ECF No. 30].

Then, on September 20, 2013, Plaintiff's counsel filed an informal application for leave to conduct additional discovery.  Specifically, Plaintiff sought to serve interrogatories "to determine the extent of MetLife's use of Dr. Howard Taylor and Dr. Lucia McPhee in reviewing medical records on the appeal of the denial of disability claims."  *See* Order, filed September 27, 2013 [ECF No. 34].  Plaintiff also wanted "to obtain records (tax returns and/or supporting documentation) by subpoena duces tecum from Dr. Taylor and Dr. McPhee that would reveal the income that each doctor received for the last 10 years from disability carriers, including MetLife, for medical records review."  *Id.*  The Court denied this request, finding that Plaintiff waived his right to seek this additional discovery because he failed to raise the issue in any of his discovery requests or in his motion to compel.  Further, the Magistrate Judge also noted that the Court had

3

addressed the appropriate scope of discovery in this matter in two occasions, and that this request was another effort to obtain documentation in violation of these previous decisions. *Id.* The instant appeal ensued.

## II. Discussion

### A. Standard of Review of a Magistrate Decision

When a party appeals a Magistrate Judge order on a non-dispositive motion, the District Court must set aside any part of the order that is "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J.2001) (quoting *Lo Bosco v. Kure Eng'g Ltd.*, 891 F.Supp. 1035, 1037 (D.N.J.1995)). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). "Where a Magistrate Judge is authorized to exercise his or her discretion in determining a non-dispositive motion, the decision will be reversed only for an abuse of that discretion." *Id.* (*citing Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J.1997); *Kresefsky v. Panasonic Commc'n and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J.1996)).

### B. Standard of Review under ERISA

A challenge to an ERISA plan administrator's interpretation of a plan is to be reviewed under a de novo standard unless the plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where a plan gives the administrator such discretionary authority, the administrator's interpretation is reviewed under an "arbitrary and capricious"

standard of review and "will not be disturbed if reasonable." *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 437 (3d Cir. 1997) (quoting *Firestone*, 489 U.S. at 115). "Under the arbitrary and capricious standard of review, courts must limit their review of the plan administrator's denial of benefits to only the evidence that was before the administrator when the decision was made." *Irgon v. Lincoln Nat'l Life Ins. Co.*, Civil Action No. 12-4731, 2013 U.S. Dist. LEXIS 162703, at *8 (D.N.J. Nov. 14, 2013). This limitation only refers to the merits of the administrator's decision—it does not establish a categorical rule of inadmissibility in ERISA cases. Rather, a district court may consider evidence beyond the administrative record as it relates to "issues that were not before the plan administrator – such as trustee conflict of interest, bias, or a pattern of inconsistent benefits decisions." *Otto v. W. Pa. Teamsters & Emplrs. Pension Fund*, 127 F. App'x 17, 21 (3d Cir. 2005)

      Federal Rule of Civil Procedure 26(b) governs discovery under the arbitrary and capricious standard of review in an ERISA case in the context of bias, conflict of interest, or procedural irregularities. *See Irgon*, 2013 U.S. Dist. LEXIS 162703, at *9-10 (citations omitted). It must be remembered that discovery in an ERISA case is limited by the statutory goals of providing an expeditious and inexpensive method of resolving claims, and therefore "[c]ourts can not simply grant a plaintiff's discovery request where she has a groundless hope of finding some proof of bias after a long and costly search." *Delso v. Tr. of the Ret. Plan for the Hourly Emples. of Merck & Co.*, Civil Action 04-3009, 2006 U.S. Dist. LEXIS 76369, at *6-7 (D.N.J. Oct. 20, 2006). Therefore, "courts have considerable latitude in deciding whether discovery outside the scope of the administrative record is appropriate" in order to achieve such goals. *Irgon*, 2013 U.S. Dist. LEXIS 162703, at *10.

### C. The Magistrate Judge's September 27, 2013 Order

Here, the Magistrate Judge's September 27, 2013 Order denied Plaintiff's informal application for leave to conduct additional discovery in this action. While the parties have concentrated their arguments on the appropriate scope of discovery in this case, the basis of the Magistrate Judge's denial was the fact that Plaintiff's request came so belatedly. *See* Order at 2. The Court noted that Plaintiff failed to raise his new requests for additional discovery in either his discovery requests or in the motion to compel, and therefore this attempt to receive the additional discovery had been waived. *Id.* The Court further found that the request was "another effort to obtain documentation in violation of Third Circuit precedent and the previous decision of this Court," as the Court had already determined the appropriate scope of discovery in earlier opinions and orders. *Id.* at 3-4.

The Court finds that the Magistrate Judge's Order was not clearly erroneous or contrary to law. First, Federal Rule of Civil Procedure 26(b)(2)(C)(ii) provides that discovery "shall be limited by the court if it determines that: ... (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Here, the Magistrate Judge noted the ample opportunities that Plaintiff had to request such documentation, and that he had failed to raise such a request for additional discovery during either his discovery requests or his motion to compel. Unlike Plaintiff's contention that the Magistrate Judge's holding inappropriately constricted Plaintiff to "one bite at the apple," *see* Br. at 2, Plaintiff was given plenty of time and opportunities to present this request. The Magistrate Judge has considered Plaintiff's motion to compel discovery despite Plaintiff filing it three days before the status conference and almost two months late of the Court-ordered deadline. In this motion to compel, Plaintiff had requested discovery similar to the additional discovery requested in his informal

application, and the Magistrate Judge denied this request. Considering the behavior of Plaintiff's counsel during discovery, the Court is inclined to agree with the Magistrate Judge and with Defendants in that this current request is an attempt to avoid the previous decisions of the Magistrate Judge. Overall, this Court agrees with the Magistrate Judge that Plaintiff had ample opportunity to conduct discovery pursuant to Rule 26(b)(2)(C)(ii). Further, it should be noted that this case is poised, after being commenced nearly two years ago, for summary judgment motions to be filed. To permit further discovery now would prejudice both parties by incurring additional expenses and diverting the focus from preparation of these dispositive motions.

Further, Plaintiff's discovery request was also appropriately denied to the extent that the Magistrate Judge's Order was based upon the appropriate scope of discovery in this matter. The discovery sought by Plaintiff relates to issues of procedural irregularities or other types of bias in the administrator's decision-making process.[1] When considering procedural irregularities, "the focus is whether, in this claimant's case, the administrator has given the court reason to doubt its fiduciary neutrality." *Post v. Hartford Ins. Co.*, 501 F.3d 154, 165 (3d Cir. 2007). Courts, however, allow this extra-record discovery "when a plaintiff presents a good faith basis for alleging some bias or that a conflict inflected the administrator's determination. If a plaintiff establishes a reasonable suspicion of misconduct, then courts should allow discovery requests reasonably likely to either confirm or disconfirm the presence of bias." *Delso*, 2006 U.S. Dist. LEXIS 76369, at *8-9 (internal citations omitted); *see also Irgon*, 2013 U.S. Dist. LEXIS 162703, at *17-18; *Shvartsman v. Johnson & Johnson*, Civil Action No. 11-03643, 2012 U.S. Dist. LEXIS 80328, at *29-30 (D.N.J. June 11, 2012); *Mainieri v. Bd. of Trs. of the Operating*

---

[1] While Plaintiff discusses the issue of structural conflicts of interest in his brief, the discovery he is seeking relates to the possibilities of bias on behalf of Drs. Taylor and McPhee.

7

*Eng'rs Local 825 Pension Fund*, Civil Action No. 07-113, 2008 U.S. Dist. LEXIS 71247, at *6-8 (D.N.J. Sept. 10, 2008).

Here, the Court agrees with the Magistrate Judge that Plaintiff has not established any good faith basis for alleging bias or other irregularity in the Defendant's decision-making process. There is nothing in Plaintiff's brief that raises a "reasonable suspicion of [Defendant's] misconduct." *Delso*, 2006 U.S. Dist. LEXIS 76369 at *9. Plaintiff argues that extra-record discovery is warranted because MetLife's use of third-party reviewers such as NMR have been scrutinized by other courts. *See* Br. at 8-9. On a fundamental level, this argument, regarding the possible structural conflict of interest in this case because other courts have scrutinized MetLife's use of NMR, is irrelevant here, where Plaintiff is not seeking discovery relating to NMR, and neither Dr. Taylor nor Dr. McPhee were hired through NMR.[2] Furthermore, even if the argument were relevant, these broad allegations lack any factual basis that allows the Court to draw the conclusion that Plaintiff himself was affected by some sort of irregularity or bias in the decision-making process. *See Post*, 501 F.3d at 165; *Irgon*, 2013 U.S. Dist. LEXIS 162703, at *16-17. While Plaintiff has pointed to cases in other Districts in which discovery was allowed on certain extra-record matters, he has failed to provide any evidence indicating that he himself was affected by some sort of procedural irregularity or bias.[3] Courts in this District have

---

[2] While Plaintiff had previously attempted to serve a subpoena to NMR, the Court had quashed the subpoenas. This Order was not appealed, and Plaintiff can only raise in this appeal the arguments and issues that were brought up before the Magistrate Judge. *See, e.g.*, *Weiss v. First Unum Life Ins. Co.*, Civil Action No. 02-4249, 2008 U.S. Dist. LEXIS 99715, at *7 (D.N.J. Dec. 10, 2008)

[3] Plaintiff has pointed in particular to a case from the District Court for the Central District of California, in which the Court had made a factual finding during summary judgment that Dr. Taylor had received a certain amount of money from MetLife as an independent medical expert. *See Rowles v. Metro. Life Ins. Co.*, Case No. CASE NO. 2:11-cv-5158, 2012 U.S. Dist. LEXIS 179050, at *16-17 (C.D. Cal. Dec. 17, 2012). Even if the Court were to take judicial notice of another court's finding of fact, which is inappropriate, this finding was in a summary judgment, and was relevant only because there was evidence that every other doctor had made findings opposite of what Dr. Taylor had made. Plaintiff has not provided any evidence that this is true in this case. Further, and more importantly, courts in this District have found that mere evidence of payment to a doctor by an insurance company is insufficient to raise an inference of conflict or bias. *See, e.g.*, *Conor v. Sedgwick Claims Mgmt. Servs.*, 796 F. Supp.

consistently refused to simply grant a plaintiff's request to conduct discovery outside the administrative record "where she has a groundless hope of finding some proof of bias after a long and costly search." *Delso*, 2006 U.S. Dist. LEXIS 76369, at *6-7. Accordingly, here, where Plaintiff has failed to establish a good faith basis or reasonable suspicion of misconduct, the Magistrate Judge appropriately denied Plaintiff's request to extend the scope of discovery beyond the administrative record.

### III.  Conclusion

For the foregoing reasons, the Court affirms the Magistrate Judge's Order denying Plaintiff's request to conduct additional discovery. An appropriate Order follows.

/s/ Joel A. Pisano  
JOEL A. PISANO, U.S.D.J.

Dated: May 15, 2014

---

2d 568, 590 (D.N.J. 2011); *Zurawel v. Long Term Disability Income Plan for Choices Eligible Emples. of Johnson & Johnson*, Civil Action No. 07-5973, 2010 U.S. Dist. LEXIS 102085, at *34-35 (D.N.J. Sept. 27, 2010).