**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK REED,<br><br>                    Plaintiff,<br><br>         v.<br><br>CITIGROUP INC. *et al.*,<br><br>                    Defendants. | Civil Action No. 12-2934 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Frank Reed's ("Reed") former attorney John B. Mann's ("Mann") Motions to Reopen and Enforce an attorney's lien on settlement proceeds. (ECF Nos. 81, 82.) Defendants Citigroup Inc. and Metropolitan Life Insurance Co.'s ("Defendants") counsel Randi F. Knepper ("Knepper") opposed (ECF No. 83), Plaintiff's current counsel Michael Quiat ("Quiat") and Michael Bartolic ("Bartolic") opposed (ECF No. 86), and Mann replied (ECF No. 87). Reed and Mann also motioned the Court for leave to file a sur-reply and a revised certification, respectively. (ECF Nos. 90, 92.) The Court has carefully considered the parties' submissions and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Mann's Motions.

**I.    BACKGROUND**

    This matter concerns a fee dispute for approximately $38,000. More than nine years ago, in May 2012, Reed sued Defendants for putative violations under the Employee Retirement Income Security Act of 1974. (*See generally* Compl., ECF No. 1.) After roughly five years of

motion practice, including several pretrial motions and hearings, two motions for summary judgment, and an appeal to the U.S. Court of Appeals for the Third Circuit, Reed and Defendants settled in early 2017. (*See* Mann's Moving Br. 1-2, ECF No. 81-1.) Under the terms of the settlement agreement, Reed released all claims against Defendants in exchange for payment from Defendants. (*See* Knepper Cert., Ex. A, Settlement Agreement §§ B-C, ECF No. 83-1.) Upon disbursement of Defendants' payment, the Court dismissed with prejudice Reed's complaint in April 2017. (Order, ECF No. 79.)

More than four years later, Reed's former attorney, Mann, filed the instant Motions. In them, Mann seeks to reopen this matter so that he can assert an attorney's lien against the already-disbursed settlement proceeds. (*See* Mann's Moving Br. 1-2.) According to Mann, Reed retained him from 2009 through 2016 through an oral agreement, under which Mann "would be paid at his hourly rate upon receiving an award, judgment or settlement." (*Id.* at 1.) Mann avers that he completed substantial work on Reed's behalf in this matter, including filing the complaint, drafting pretrial motions, attending pretrial hearings, filing a summary judgment motion, and opposing another summary judgment motion. (*Id.* at 1-2.) Mann alleges that the relationship with his client went south following a "disagreement over reimbursement of costs" (*id.* at 2 n.2); Reed subsequently fired Mann and hired Bartolic and Quiat (*id.*; Bartolic Aff. ¶¶ 19-20, ECF No. 86-1). Nevertheless, Mann asserts that Reed never paid him $37,984.75 for his services. (Mann's Moving Br. 5.)

Based on that nonpayment, Mann attempts to assert an attorney's lien on the settlement proceeds under N.J. Stat. Ann. § 2A:13-5 (West 2021). (*Id.* at 3.) To that end, Mann asserts that he twice noticed his lien with Reed, Bartolic, and Quiat. (*Id.* at 2.) Relying principally on the New Jersey Supreme Court's reasoning in *Musikoff v. Jay Parrino's The Mint, LLC*, Mann argues that

2

this Court should thus enforce his lien against Reed, Bartolic, and Quiat. (*Id.* at 2-4 (citing 796 A.2d 866 (N.J. 2002)).)

## II.   **LEGAL STANDARD**

### A.   **Motion to Reopen**

Neither the Federal Rules of Civil Procedure nor the Local Civil Rules expressly recognize "motions to reopen." Courts, however, generally analyze these motions as motions for reconsideration under the ambit of Federal Rule of Civil Procedure 59(e)[1] or Rule 60(b). *See Fonzone v. Trib. Corp.*, 608 F. App'x 76, 78 n.3 (3d Cir. 2015) (noting that Rules 59 and 60 are applicable to motions to reopen); *Meade v. Reynolds*, 810 F. App'x 86, 87 n.4 (3d Cir. 2020) (noting that motion to reopen was "construe[d] as a timely motion under Federal Rule of Civil Procedure 59(e) or 60(b)"). "[T]he function of the motion, and not the caption, dictates which Rule is applicable." *United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003) (citations omitted). Specifically, Rule 59(e) is a "device to relitigate the original issue" and "allege legal error." *Id.* (citation omitted). In contrast, Rule 60(b) specifies six avenues in which a court may vacate a judgment, including, among others, mistake, newly discovered evidence, and misconduct by an opposing party. *See* Fed. R. Civ. P. 60(b). Timing also matters: motions under Rule 59(e) must be filed within 28 days of entry of judgment; motions under Rule 60(b) generally within one year of entry of judgment. *See Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002) (treating untimely Rule 59(e) motion as timely Rule 60(b) motion).

### B.   **Motion to Enforce Attorney's Lien**

Mann's second motion concerns an attorney's lien, also known as a charging lien. Charging liens "protect attorneys who do not have actual possession of assets against clients who may not

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

pay for services rendered." *Martin v. Martin*, 762 A.2d 246, 252 (N.J. Super. Ct. App. Div. 2000) (citation omitted). The liens attach to any money awarded to a plaintiff in a case and thereby grant attorneys an equitable right to their fees and costs to be paid from those awards. *See Singer Mgmt. Consultants v. Milgram*, No. 07-3929, 2008 WL 11382287, at *3 (D.N.J. Dec. 29, 2008) (citing *Cole, Schotz, Bernstein, Meisel & Forman, P.A. v. Owens*, 679 A.2d 155, 158 (N.J. Super. Ct. App. Div. 1996)). So, if clients refuse to pay their attorneys, the attorneys can sue to enforce the charging liens. *See id.* Further, charging liens serve not only to protect attorneys that have successfully represented their clients but also attorneys that have rendered services and been replaced. *See, e.g., Toscano Law Firm, LLC v. Haroldson*, No. A-2909-17T2, 2020 WL 2374835, at *11 (N.J. Super. Ct. App. Div. May 12, 2020) ("An attorney hired on a contingent fee basis and later discharged . . . may be entitled to recover on a quantum meruit basis for the reasonable value of the services rendered." (citation omitted)); *De Marco v. Sands*, 18 A.2d 610, 611 (N.J. Ch. 1941) (holding that lien attached where attorney "performed important services which ultimately resulted in a recovery of valuable assets" and "performed his services on a quantum meruit").

Like many states, New Jersey has a statute that authorizes charging liens. *See* N.J. Stat. Ann. § 2A:13-5 (West 2021). Under that statute, attorneys appearing on behalf of their clients "shall have a lien for compensation" upon their clients' recovery, which "shall contain and attach to a verdict, report, decision, award, judgment or final order" and "the proceeds thereof in whosesoever hands they may come." *Id.* As the statute provides no procedure for how to attach or perfect the charging lien, New Jersey decisional law has filled in the gap:

> The attorney should make application to the court, as a step in the proceeding of the main cause, by way of petition, which shall set forth the facts upon which he relies for the determination and enforcement of his alleged lien. The petition shall as well request the court to establish a schedule for further proceedings which shall include time limitations for the filing of an answer by defendants,

> the completion of pretrial discovery proceedings, the holding of a pretrial conference, and the trial. The court shall, by order, set a short day upon which it will consider the application for the establishment of a schedule. A copy of such order, together with a copy of the petition, shall be served upon defendants as directed by the court. The matter should thereafter proceed as a plenary suit and be tried either with or without a jury, in the Law Division.

*Schepisi & McLaughlin, P.A. v. LoFaro*, 64 A.3d 592, 598 (N.J. Super. Ct. App. Div. 2013) (quoting *H&H Ranch Homes, Inc. v. Smith*, 148 A.2d 837, 840 (N.J. Super. Ct. App. Div. 1959)).

### III.   DISCUSSION

Turning to the matter at hand, Mann asks this Court to reopen his client's case so that he can assert a charging lien against the settlement proceeds. (Mann's Moving Br. 2, 5.) Knepper, Bartolic, and Quiat urge the Court to deny Mann's Motions for several reasons, including Mann's untimely application for a charging lien, Mann's failure to follow the proper procedure, and Mann's failure to establish an attorney-client relationship. (*See generally* Knepper's Opp'n Br., ECF No. 83; Bartolic & Quiat's Opp'n Br., ECF No. 86.) The Court, however, has a more fundamental concern: it lacks jurisdiction to hear Mann's fee dispute.

Before getting there, however, the Court must characterize Mann's Motion to Reopen. Mann's Motion does not indicate under which Rule Mann hopes to proceed. That said, the Court construes Mann's Motion under Federal Rule of Civil Procedure 60(b)(6) because Mann's Motion is untimely under Rule 59(e) (28 days following entry of judgment) and because Rule 60(b)(6) provides an avenue—indeed, the only avenue—for the relief Mann seeks. *See Meade*, 810 F. App'x at 87 n.4. Under Rule 60(b)(6), the court may, "[o]n motion and just terms, . . . relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Rule also requires that litigants file motions "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Notably, Rule 60(b)(6) provides for "extraordinary relief" and requires proof of "exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273

(3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988)). Applying the Rule, the Court finds that Mann has not filed his Motion within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1). This case settled more than four years ago, and Mann could have attempted to enforce his attorney's lien at the time of settlement. Mann's failure to enforce his entitlement to fees for years renders Mann's Motion untimely. *See Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that Rule 60(b)(6) motion filed two years after entry of judgment was untimely under Rule 60(c)(1)).

Further, even if the Court concluded that Mann's Motion to Reopen was timely, it would not have jurisdiction to hear Mann's lien dispute regarding the settlement proceeds. Although neither party raises a jurisdictional challenge to Mann's lien dispute, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." *Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). To that end, a federal court does not have "jurisdiction over a settlement agreement simply because it had jurisdiction over the original dispute." *Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 380 (D.N.J. 2011) (citing *Washington Hosp. v. White*, 889 F.2d 1294, 1298-99 (3d Cir. 1989)); *see also Gallucio v. Pride Indus., Inc.*, No. 15-3423, 2020 WL 3496914, at *1 n.1 (D.N.J. June 29, 2020) (reasoning, on similar facts, that courts must have independent basis of jurisdiction over fee disputes arising from settlements). Thus, for a settlement agreement dispute to remain in federal court, an independent jurisdictional basis must exist. *Brass Smith, LLC*, 827 F. Supp. 2d at 380 (citations omitted); *see also Nelson v. Pennsylvania*, 125 F. App'x 380, 382 (3d Cir. 2005) ("An action to enforce the settlement then becomes a separate contract dispute, based on the agreement." (citations omitted)). Further, although federal courts may exercise ancillary

jurisdiction over settlement disputes, that decision is discretionary. *See Brass Smith, LLC*, 827 F. Supp. 2d at 380-81 (citations omitted).

With the standard set, the Court determines that it would not have subject-matter jurisdiction to hear Mann's dispute. Unquestionably, no federal question exists. *See* 28 U.S.C. § 1331. Further, the Court cannot exercise diversity jurisdiction because Mann has not met the amount-in-controversy requirement. *See* 28 U.S.C. § 1332 (requiring amount in controversy to exceed $75,000 between diverse parties). The Court also declines to exercise ancillary jurisdiction over Mann's lien dispute because this case has been closed for more than four years. *See Gallucio*, 2020 WL 3496914, at *1 n.1 (reasoning that court could exercise ancillary jurisdiction in case that has been administratively terminated but not in case that has been closed). Moreover, although the Court retained jurisdiction over the settlement agreement in its dismissal order, Mann was not a party to that dismissal order and the parties' dismissal order does not bind this Court to hear lien disputes. *See Wright v. Prudential Ins. Co. of Am.*, 285 F. Supp. 2d 515, 522 n.17 (D.N.J. 2003) ("The exercise of [ancillary] jurisdiction to enforce its own order [of dismissal] is discretionary; the court [is] under no obligation to reserve [jurisdiction] in the first place." (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994))).[2] Indeed, disputes pertaining to the settlement agreement's application between Defendants and Plaintiff's former counsel—and the application of the New Jersey attorneys' lien statute—are best left for state courts to decide. *See Kokkonen*,

---

[2] The Court further notes that the language of the settlement agreement appears to preclude Mann's claim. In the settlement agreement, Plaintiff, defined as "Releasor," agreed to release "all Claims and Causes of Action." (Settlement Agreement § C.2.) The "Releasor" includes Plaintiff and any of Plaintiff's "legal representatives." (*Id.* § A.2) Further, the Settlement Agreement defines "Claims and Causes of Action" to include "attorneys' fees, legal expenses, [and] costs . . . of any nature whatsoever, whether in law or equity, now known or unknown, foreseen or unforeseen, direct or derivative, under federal or state law, which Releasor has or may have, now or in the future." (*Id.* § A.7.)

7

511 U.S. at 381 ("[A]utomatic jurisdiction over [settlement] contracts is in no way essential to the conduct of federal-court business.").

IV. **CONCLUSION**

The Court holds that Mann's Motion to Reopen is untimely under Rule 60(c)(1). Alternatively, even if Mann's Motion to Reopen was timely, the Court would lack subject-matter jurisdiction to hear Mann's dispute, and the Court declines to exercise ancillary jurisdiction over this matter. An appropriate order will accompany this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE